IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60317
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILLIAM J. KELTY

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CR-9-ALL-WS
---------------------
September 14, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

William J. Kelty appeals from a judgment entered after a jury convicted him of (i) making a fraudulent claim against the United States in violation of 18 U.S.C. § 287 and (ii) obstructing, impeding, and impairing the Internal Revenue Service (IRS) in violation of 26 U.S.C. § 7212(a).

Kelty argues that the Government presented insufficient evidence to support the conclusion that he knowingly presented a fraudulent instrument to the IRS as payment on his tax liability. We hold that Kelty preserved his sufficiency arguments for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate consideration.  See United States v. Mann, 557 F.2d 1211, 1216 n.6 (5th Cir. 1977).  We have reviewed the record and find no reversible error.  Viewed in the light most favorable to the verdict, the evidence was sufficient to support Kelty's convictions on both counts.  See United States v. Shabazz, 993 F.2d 431, 441 (5th Cir. 1993).

Kelty argues that the two counts in the indictment were multiplicitous.  Because he did not object on this basis before trial, he has waived the issue.  United States v. Soape, 169 F.3d 257, 265 (5th Cir.), cert. denied, 527 U.S. 1011 (1999).

Kelty argues that the indictment was constructively amended by the evidence presented at trial.  Because Kelty did not make this argument to the district court, we review for plain error only.  United States v. Millet, 123 F.3d 268, 272 (5th Cir. 1997).  Having reviewed the record, we find no error, plain or otherwise.  See United States v. Robles-Vertiz, 155 F.3d 725, 728 (5th Cir. 1998).

Kelty argues that the district court erred at sentencing by imposing a two-level adjustment pursuant to U.S.S.G. § 2F1.1(b)(2)(A).  We see no clear error in the district court's determination that his offense involved more than minimal planning.  See United States v. Burns, 162 F.3d 840, 854 (5th Cir. 1998).

AFFIRMED.